**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ESAU TORRES MENDOZA and all** | § | |
| **others similarly situated under 29** | § | |
| **U.S.C. 216(B),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 3:10-cv-02436-BD** |
| **v.** | § | |
| | § | **ECF** |
| **DETAIL SOLUTIONS LLC f/k/a** | § | |
| **UPTOWN DETAIL AND SPA and** | § | |
| **CAROLE AUSTEIN, Independent** | § | |
| **Executrix of the Estate of Charles Austein,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT DETAIL SOLUTIONS' MOTION FOR SUMMARY JUDGMENT**

Defendant Detail Solutions, LLC f/k/a Uptown Detail and Spa ("Detail Solutions") respectfully moves for summary judgment under Federal Rule of Civil Procedure 56 and Local Rules 56.3-7 of the U.S. District Court for the Northern District of Texas.

**I.**
**SUMMARY**

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by a former car washer who claims he was denied overtime during his approximately six months of employment, and was then retaliated against for complaining. Detail Solutions moves for summary judgment on the following grounds:

(1)     The FLSA is inapplicable to the Defendant and, therefore, Plaintiff's claims under it fail as a matter of law. Among other things, individual and enterprise coverage under the FLSA do not apply to both Plaintiff and Detail Solutions because neither party engaged in interstate commerce.

(2)     Even assuming the FLSA applies, Plaintiff's claim for back wages for alleged

retaliation fails under *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) because

undocumented workers such as Plaintiff may not recover such damages.

## II.
## MATERIAL ACCOMPANYING THIS
## MOTION FOR SUMMARY JUDGMENT

In accordance with Local Rule 56.6, the declarations, deposition excerpts, and other

evidence supporting this Motion for Summary Judgment are contained in an Appendix filed and

served simultaneously with this Motion.  Additionally, Detail Solutions has simultaneously filed

and served a Brief in Support containing arguments and authorities demonstrating that dismissal

pursuant to Rule 56 is warranted.

WHEREFORE, Defendant Detail Solutions prays that this Motion for Summary

Judgment be granted and that an order be entered dismissing Plaintiff's claims in their entirety

based on lack of subject matter jurisdiction under the FLSA.  In the alternative, Detail Solutions

prays that this Motion for Summary Judgment be granted in part, and that Plaintiff's claim for

back pay damages be stricken.  Detail Solutions also prays for such additional relief as the Court

deems just and proper.

Respectfully submitted,


 s/Joseph R. Callister
Andrew M. Gould
State Bar No. 00792541
Joseph R. Callister
State Bar No. 24059054

WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile:   (214) 692-6255

**ATTORNEYS FOR DEFENDANT DETAIL
SOLUTIONS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this 20th day of June, 2012, via U.S. first class mail as follows:

Robert Manteuffel
J.H. Zidell
J.H. Zidell, P.C.
6310 LBJ Freeway #112
Dallas, TX 75240
**Attorneys for Plaintiff**

Jennifer Snow
Jennifer Lewis
Farrow Gillespie & Heath, LLP
1700 Pacific Ave., Suite 3700
Dallas, TX 75201
**Attorneys for the Estate of Charles Austein**


 /s/ Joseph R. Callister
Joseph R. Callister

**DEFENDANT DETAIL SOLUTIONS' MOTION FOR SUMMARY JUDGMENT - Page 3**