# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ESAU TORRES MENDOZA and all** | § | |
| **others similarly situated under 29** | § | |
| **U.S.C. 216(B),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:10-cv-02436-BD** |
| **v.** | § | |
| | § | **ECF** |
| **DETAIL SOLUTIONS LLC f/k/a** | § | |
| **UPTOWN DETAIL AND SPA and** | § | |
| **CAROLE AUSTEIN, Independent** | § | |
| **Executrix of the Estate of Charles Austein,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT DETAIL SOLUTIONS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Detail Solutions, LLC f/k/a Uptown Detail and Spa ("Detail Solutions") submits this Brief in Support of Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and Local Rules 7.1, 7.2, and 56 of the U.S. District Court for the Northern District of Texas.

## I.
## PRELIMINARY STATEMENT

This is an action filed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by a former employee of Detail Solutions who brings claims for denial of overtime pay and retaliatory discharge. Detail Solutions moves for summary judgment on the following grounds:

Detail Solutions is a local car washer, and its employees were not engaged in interstate commerce during the relevant year. Likewise, Plaintiff was a car washer who worked only with

Dallas-based customers, and was not engaged in interstate commerce.  Consequently, neither Plaintiff nor Defendant is covered by the FLSA and, accordingly, Plaintiff's claims fail as a matter of law.

Even assuming the FLSA does apply, Plaintiff's claim for back wages for alleged retaliation fails as a matter of law under *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) because of Plaintiff's status as an undocumented worker.

## II.
## STATEMENT OF MATERIAL, UNDISPUTED FACTS

1.      Detail Solutions (formerly Uptown Detail and Spa) is a Texas company that provides car washing and detailing services to local automobile dealership clients.  MSJ App.[1] at 1, Declaration of Jeana Delay ("DeLay Decl.") ¶ 3.

2.      Detail Solutions maintains one office, located in Dallas, Texas.  MSJ App. at 1, DeLay Decl. ¶ 4.

3.      All of Detail Solutions' customers and suppliers are located within the state, and the company has never conducted work outside of Texas.  The company does not order goods or materials from out of the state, or communicate with its customers or suppliers across state lines. MSJ App. at 1, DeLay Decl. ¶ 4.

4.      Detail Solutions has never advertised or secured financing outside of the state. MSJ App. at 1, DeLay Decl. ¶ 4.

5.      Detail Solutions' generated $498,602.46 in annual sales in 2009.  MSJ App. at 2, DeLay Decl. ¶ 5.

---

[1] Contemporaneously filed with Defendant's Motion For Summary Judgment and Brief is Defendant's Appendix Of Evidence In Support Of Motion For Summary Judgment.  References to the Appendix are denoted as "MSJ App."

6.     According to company records, Plaintiff Esau Mendoza ("Mendoza" or "Plaintiff") was employed by Detail Solutions for approximately six months, from April 2010 to November 2010, as a car washer.  MSJ App. at 2, DeLay Decl. ¶ 7.

7.     During his employment, Plaintiff's job duties were limited to washing and detailing cars at certain automobile dealerships in the Dallas area.  MSJ App. at 2, Delay Decl. ¶ 9; MSJ App. at 4, Deposition of Esau Mendoza ("Mendoza Dep."), p. 13.  Plaintiff did not interact with customers or use the telephone or a computer as part of his responsibilities.  MSJ App. at 2, Delay Decl. ¶ 8; MSJ App. at 4, Mendoza Dep. pp. 13-14.  Plaintiff never worked outside of the state for Detail Solutions and only worked for Dallas-based customers.  MSJ App. at 2, Delay Decl. ¶ 8; MSJ App. at 6, Deposition of Jeana DeLay ("DeLay Dep."), p. 45.

8.     Plaintiff is an undocumented worker.  He initially supplied Detail Solutions with an incomplete social security number, and then provided a social security number that belongs to another individual.  MSJ App. at 2, DeLay Decl. ¶ 9.  He does not possess a social security card, a U.S. citizenship card, or a U.S. or foreign passport.   MSJ App. at 8-9, 14, Plaintiff's Supplemental Response to Detail Solutions' Second Request for Production, Nos. 3-5.

### III.
### ARGUMENT

**A.     Legal Standard for Summary Judgment.**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2252 (1986).  To defeat a motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine issue for trial.  *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).  A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment;

instead, the non-moving party must introduce some significant probative evidence tending to refute the movant's evidence. *See Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir. 1998). Summary judgment should be granted if the evidence put forth by the non-movant is merely colorable or is not significantly probative. *See Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999).

**B.     Plaintiff and Detail Solutions are Not Covered by the FLSA.**

Plaintiff has the burden of proving that the FLSA applies to his claims. *Se*e *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam). To establish coverage under the FLSA, an employee must show either: (1) that the employee was engaged in interstate commerce or in the production of goods for interstate commerce (*i.e.* "individual coverage"); or (2) that the employee works for an employer with annual sales in excess of $500,000, and that was engaged in interstate commerce (*i.e.* "enterprise coverage"). *See McKee v. CBF Corp.*, 2008 U.S. Dist. LEXIS 22091, at *10-11 (N.D. Tex. Mar. 19, 2008) (citing 29 U.S.C. § 207(a) and 29 U.S.C. § 203(s)(1)(A)).

To determine whether an employee engaged in interstate commerce under either prong, the Fifth Circuit applies a "practical test" and looks to whether the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Sobrinio*, 474 F.3d at 829. The Supreme Court explained that "[t]he test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but *whether they are actually in or so closely related to the movement of the commerce as to be a part of it*." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943) (emphasis added); *see also Wirtz v. Wohl Shoe Co.*, 382 F.2d 848, 850 (5th

Cir. 1967) ("it is now settled that in enacting the FLSA Congress did not exercise the full scope of its authority to regulate the working conditions of employees whose activities *merely affect commerce*") (emphasis added).

### 1.      Plaintiff does not qualify for individual coverage under the FLSA.

Plaintiff, as a car washer for Dallas-based customers, was not engaged in interstate commerce.   When determining individual coverage under the FLSA, the character of the employee's activities is determinative, not the nature of the employer's business.  *See Overstreet v. North Shore Corp.*, 318 U.S. 125 (1943).  Here, Plaintiff's activities – cleaning, washing, and detailing vehicles on private premises – is not "so closely related to the movement of the commerce as to be a part of it."  *McLeod*, 319 U.S. at 497.  He did not use the telephone, U.S. mail system, or a computer as part of his responsibilities.[2]  Plaintiff only performed work for Dallas-based automobile dealerships and never traveled out of the state for work.[3]   In short, Plaintiff's work was purely local.

On nearly identical facts, other courts have held that car washers are not covered by the FLSA.  For example, in *Jacobs v. Dolanlil, Inc.*, 2010 U.S. Dist. LEXIS 41302 (M.D. Fla. April 12, 2010), the plaintiff washed and detailed cars for a Florida car washing company.  In holding that the plaintiff's activities were a "purely local activity," the court rejected the plaintiff's contentions that he was engaged in interstate commerce because he sometimes washed cars from outside Florida, and because the supplies and equipment used to clean the cars may have moved through interstate commerce.  *Id.* at *11-15.  Similarly, in *Jiminez v. Southern Parking, Inc.*, 2008 U.S. Dist. LEXIS 70147 (S.D. Fla. Sept. 16, 2008), the court held that a car washer was not covered by the FLSA, explaining:

---

[2] MSJ App. at 2, Delay Decl. ¶ 8; MSJ App. at 4, Mendoza Dep. pp. 13-14.
[3] MSJ App. at 2, Delay Decl. ¶ 8; MSJ App. at 6, Deposition of Jeana DeLay ("DeLay Dep."), p. 45.

> [e]vidence that the plaintiff has used supplies and equipment that have once
> moved in interstate commerce is insufficient to qualify him for coverage. Ultimate
> consumers of products are not "engaged in commerce" just because they purchase
> products that have moved in interstate commerce.  There is no evidence that the
> plaintiff regularly used instrumentalities of interstate commerce like the
> telephone, mail, fax, internet, or transportation while washing cars at the
> condominium.

*Id.* at *23.  Finally, in *Rivas v. Marcelo Hand Car Wash Inc.*, 2010 U.S. Dist. LEXIS 115324

(N.D. Ill. Oct. 28, 2010), the court dismissed FLSA claims brought by a car washer, holding that

the "handling of vehicles" that were likely moved through interstate commerce "is simply too far

removed from interstate commerce to bring plaintiff within the scope of the statute."  *Id.* at *4-5.

Here, the Plaintiff likewise was not involved in interstate commerce and he is therefore not a

covered employee under the FLSA.

### 2. Plaintiff cannot establish that enterprise coverage applies to Detail Solutions.

In addition, Plaintiff cannot meet his burden of establishing that enterprise coverage

applies in this case.  To establish enterprise coverage, Plaintiff must prove that (i) Detail

Solutions has annual sales in excess of $500,000 <u>and</u> (ii) the company "has employees engaged

in commerce or in the production of goods for commerce, or that has employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person."  *See* 29 U.S.C. § 203(s)(1)(A); *Morrow v. J W Elec., Inc.*, 2011 U.S.

Dist. LEXIS 132199, at *6 (N.D. Tex. Nov. 16, 2011).  Plaintiff can satisfy the first prong of the

test, as Detail Solutions has stipulated that it grossed more than $500,000 in 2010.[4]

As to the second prong, there is no contention that Detail Solutions was producing or

selling goods for interstate commerce. The lone issue is whether, under the FLSA, Detail

---

[4] The Parties dispute whether Plaintiff was employed during 2009, during which Detail Solutions grossed under
$500,000 in annual sales. *See* MSJ App. at 2, DeLay Decl. ¶ 5. Therefore, if the Court finds that Plaintiff has
established enterprise coverage, Detail Solutions asks that this finding be limited to the period that Plaintiff worked
with the company in 2010.

Solutions' employees were otherwise engaged in interstate commerce or handled goods or materials that were moved through interstate commerce.  Plaintiff cannot meet his burden in establishing these facts.

For the same reasons that apply to Plaintiff individually, the other employees of Detail Solutions were not engaged in interstate commerce.  Detail Solutions is devoted solely to the business of washing and detailing cars for automobile dealerships.  The employees consist of car washers, two to three supervisors, and a part-time bookkeeper.[5]  The company only services Texas clients and it does not operate or advertise outside of the state.[6]  The company orders cleaning materials and towels from Texas-based suppliers.[7]  The Supreme Court and Fifth Circuit have held that it is not enough to "affect or indirectly relate to interstate commerce"; the conduct at issue must actually make up interstate commerce.  *McLeod*, 319 U.S. at 497; *see also Sobrinio*, 474 F.3d at 829.  The activities of Detail Solutions' employees cannot be considered "part" of interstate commerce such that enterprise coverage applies.

For these reasons, the FLSA does not apply to Plaintiff or Detail Solutions and Plaintiff's claims must be dismissed as a matter of law.

## C.    Plaintiff's Claim for Back Pay Damages Fails as a Matter of Law.

Even assuming Plaintiff can either establish that the FLSA is applicable or can raise a genuine issue of material fact as to its applicability, Plaintiff's claim for back wages fails as a matter of law.

In *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), the Supreme Court held that undocumented aliens who were not legally authorized to work in the United States could not be awarded back pay damages if they were discharged for exercising their rights under

---

[5] MSJ App. at 2, DeLay Decl. ¶ 6.
[6] MSJ App. at 1, DeLay Decl. ¶ 4.
[7] *Id.*

the National Labor Relations Act.  The Court further explained that "awarding backpay to illegal aliens runs counter to policies underlying IRCA" and "awarding backpay in a case like this not only trivializes the immigration laws, it also condones and encourages future violations."  *Id.* at 149-50.  Thus, the Supreme Court has unequivocally held that back pay damages are not available to claims brought by illegal aliens.

Subsequent decisions have applied *Hoffman* to a variety of claims and held that undocumented workers are not entitled to back pay damages.  In *Renteria v. Italia Foods, Inc.*, 2003 U.S. Dist. LEXIS 14698 (N.D. Ill. Aug. 21, 2003), for example, the Illinois District Court denied back wages to an undocumented worker under the FLSA.  *Id.* at *17-20 ("Defendants argue that an award of back pay, front pay, or compensatory damages for a violation of the FLSA likewise would trench on the policies expressed in the IRCA.  With regard to back pay and front pay, the Court agrees.").  *See also Escobar v. Spartan Sec. Serv.*, 281 F. Supp. 2d 895, 897 (S.D. Tex. 2003) (regarding back wages under Title VII, the court found "such a remedy [to be] foreclosed by the fact that he was an undocumented worker at the time he was employed"); *Garcia-Lopez v. Bellsouth Telecommunications, Inc.*, 2010 U.S. Dist. LEXIS 44741, at *18-19 (S.D. Miss. 2010) ("The Court finds that the plaintiffs' lost wages and loss of earning capacity claims are barred by IRCA and *Hoffman Plastic*, because any work performed by the plaintiffs in the United States would be illegal"); *Colindres v. Quietflex Mfg.*, 2004 U.S. Dist. LEXIS 27982 (S.D. Tex. Apr. 19, 2004) (ordering class of plaintiffs to produce information relevant to immigration status because the plaintiffs requested back pay damages and *Hoffman* denies "back or front pay to undocumented aliens for work not performed").

In this case, Plaintiff is an undocumented worker and he appears to have provided false information when he applied for employment with Detail Solutions.  To prove authorization to

work in the United States, Plaintiff must possess "a valid social security account number card," or other documentation evidencing authorization of employment in the United States.  8 U.S.C. §1324a(b)(1)(C).  Plaintiff initially provided an incomplete social security number to Detail Solutions, and then provided what the company has now learned is likely a false social security number.[8]  As part of discovery in this case, Plaintiff now admits that he does not possess a social security card or documents supporting the social security number provided to Detail Solutions, a U.S. citizenship card, or a U.S. or foreign passport.[9]  Plaintiff has produced no documents verifying his right to work in the United States.  Therefore, to the extent Plaintiffs' retaliation claim survives this Motion, this Court should strike his claim for back pay damages under *Hoffman*.

## IV.
## CONCLUSION

WHEREFORE, premises considered, Detail Solutions respectfully requests that this Court enter an order (1) granting Detail Solutions' Motion for Summary Judgment and Brief in Support, and (2) granting Detail Solutions such other and further relief, at law and in equity, to which it is justly entitled.

---

[8] MSJ App. at 2, DeLay Decl. ¶ 9.
[9] MSJ App. at 8-9, 14, Plaintiff's Supplemental Response To Detail Solutions' Second Request for Production, Nos. 3-5.

Respectfully submitted,


 _/s/ Joseph R. Callister_____
Andrew M. Gould
State Bar No. 00792541
Joseph R. Callister
State Bar No. 24059054

WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile:   (214) 692-6255

**ATTORNEYS FOR DEFENDANT DETAIL
SOLUTIONS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this 20th day of June, 2012, via first class mail as follows:

Robert Manteuffel
J.H. Zidell, P.C.
6310 LBJ Freeway #112
Dallas, TX 75240

Jamie Harrison Zidell
K. David Kelly
J.H. Zidell, P.C.
300 71st Street, #605
Miami Beach Florida 33141
**Attorneys for Plaintiff**

Jennifer Snow
Jennifer Lewis
Farrow Gillespie & Heath, LLP
1700 Pacific Ave., Suite 3700
Dallas, TX 75201
**Attorneys for the Estate of Charles Austein**

_/s/ Joseph R. Callister_____
Joseph R. Callister