UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESAU TORRES MENDOZA and all others similarly situated under 29 U.S.C. 216(B),** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 3:10-cv-02436-G |
| **DETAIL SOLUTIONS LLC f/k/a UPTOWN DETAIL AND SPA and CAROLE AUSTEIN, Independent Executrix of the Estate of Charles Austein,** | § § § § § § | ECF |
| **Defendants.** | § § | |

**DEFENDANT DETAIL SOLUTIONS' REPLY BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Summary Judgment Response fails to controvert Defendant's Statement of Undisputed Facts, relies on inadmissible and irrelevant evidence to argue that the Defendant car wash is subject to FLSA jurisdiction, and misstates applicable law regarding both individual and enterprise coverage under the FLSA.

**I.
IT IS UNDISPUTED THAT PLAINTIFF IS AN UNDOCUMENTED WORKER WHO
PROVIDED DEFENDANT WITH A FALSE SOCIAL SECURITY NUMBER**

Plaintiff does not contest that he is in the United States illegally and that he provided false social security information to secure employment with Defendant. MSJ Response, pp. 8-9. There is no evidence that Defendant knew this to be the case or that it sought to employ an undocumented worker in order to exploit the individual. Nonetheless, Plaintiff's Response argues that those facts are irrelevant and that, despite his deceit, he should still receive additional

compensation for the work he performed, and damages in the form of back wages for work he did not perform after his termination from employment.

## II.
## PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE IS INADMISSIBLE AND LARGELY IRRELEVANT

In an attempt to create a genuine issue of material fact, Plaintiff argues that his work uniform was manufactured in Honduras, that the cars he detailed were produced outside of Texas, and that cleaning fluids and other materials used by company employees were manufactured outside of Texas. MSJ Response, p. 5. Even if such allegations were probative, which Defendant disputes, the evidence Plaintiff relies on is inadmissible and non-probative under Rule 56.

Mendoza mainly offers his own statements, without any predicate, about where his uniform was manufactured, where the vehicles he detailed were produced, and about where the cleaning supplies were made. *See* Plaintiff's MSJ App. at 8-9. These are all conclusory statements for which Plaintiff lacks foundation to make. *See also John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1294 (5th Cir. 1978) (Rule 602 requires that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.").

Plaintiff also attaches unauthenticated pages from the Internet to purportedly show that vehicles Plaintiff detailed were manufactured outside of Texas. Plaintiff's MSJ App. at 12-21. Information found on internet websites must be authenticated under Federal Rule of Evidence 901. *See Hood v. Dryvit Sys.*, 2005 U.S. Dist. LEXIS 27055, at *7-8 (N.D. Ill. Nov. 8, 2005). In addition, the printouts appear to be from www.carsdirect.com, a third-party website that Plaintiff has not demonstrated contains accurate information about the automobile companies at issue.

Even assuming any of this evidence were admissible, or if the Court simply accepted as true the fact that motor vehicles are generally manufactured outside of Texas (and/or parts of them are manufactured outside of Texas), for the reasons set forth in its Motion and further discussed below, summary judgment is proper.

### III.
### PLAINTIFF ALL BUT CONCEDES THAT INDIVIDUAL COVERAGE UNDER THE FLSA IS LACKING

As set forth in Defendant's Motion, the burden to establish coverage under the FLSA lays with the Plaintiff. MSJ Brief, p. 4. Under both individual and enterprise coverage, the ultimate question is whether the work at issue "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam); *see also Wirtz v. Wohl Shoe Co.*, 382 F.2d 848, 850 (5th Cir. 1967) ("it is now settled that in enacting the FLSA Congress did not exercise the full scope of its authority to regulate the working conditions of employees whose activities merely affect commerce"). As detailed in Defendant's Motion, Plaintiff's job duties were limited to purely local activities – cleaning, washing, and detailing cars for Dallas-based customers. He did not use any instrumentality of interstate commerce, travel out of the state for work, or service non-Texas customers. MSJ App. at 2, 4, 6.

In response, Plaintiff makes only one argument, stated in a paragraph on page 6 of his brief. Plaintiff argues that he was involved in the "preparation and detailing of new cars, that had moved through interstate commerce for dealerships." The argument fails as a matter of law.

First, Plaintiff offers no evidence to support the statement. MSJ Response, pp. 6-7. Second, to be "engaged in commerce" under the FLSA, one must "directly participate" in the

"actual movement" of persons or things in interstate commerce. *Tran v. Thai*, 2010 U.S. Dist. LEXIS 133130, at *9 (S.D. Tex. Dec. 16, 2010). There is no evidence, admissible or otherwise, of this.

Moreover, courts that have addressed this issue in the context of a car wash have consistently ruled against FLSA coverage. *See, e.g., Jacobs v. Dolanlil, Inc.*, 2010 U.S. Dist. LEXIS 41302 (M.D. Fla. April 12, 2010) (rejecting FLSA coverage and stating "[b]y washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce."); *Jiminez v. Southern Parking, Inc.*, 2008 U.S. Dist. LEXIS 70147 (S.D. Fla. Sept. 16, 2008) (rejecting FLSA coverage because "[e]vidence that the plaintiff has used supplies and equipment that have once moved in interstate commerce is insufficient to qualify him for coverage."); *Rivas v. Marcelo Hand Car Wash Inc.*, 2010 U.S. Dist. LEXIS 115324 (N.D. Ill. Oct. 28, 2010) (dismissing FLSA claim on grounds that the "handling of vehicles" that were likely moved through interstate commerce "is simply too far removed from interstate commerce to bring plaintiff within the scope of the statute.").

## IV.
## DETAIL SOLUTIONS DOES NOT QUALIFY
## FOR ENTERPRISE COVERAGE

As set forth in Defendant's Brief, enterprise coverage does not apply to a local car wash that does not sell any products to the public, but rather details vehicles before they are sold by other businesses. MSJ Brief, pp. 6-7. The fact that some cleaning supplies may have been manufactured outside the state, or that employees detail vehicles that are driven across state lines does not alter the limited nature of Detail Solutions' business. *See* 29 U.S.C. § 203(s)(1)(A); *Morrow v. J W Elec., Inc.*, 2011 U.S. Dist. LEXIS 132199, at *6 (N.D. Tex. Nov. 16, 2011).

In response, Plaintiff makes the same arguments he made regarding individual coverage – that employees regularly worked on automobiles manufactured outside of Texas and handled goods (uniforms and cleaning supplies) that crossed state lines.  MSJ Response, pp. 7-8.  This argument, however, misstates the facts and fails to correctly apply case law governing enterprise coverage.

As set forth previously, the "evidence" purportedly showing the company handled out of state goods is entirely inadmissible and should be rejected as a matter of law.  Detail Solutions has offered uncontroverted evidence that the company only orders supplies (cleaning materials and towels) from Texas-based suppliers.   MSJ App. at 1; DeLay Decl. ¶ 4.

Beyond the infirmities of Plaintiff's evidence, his argument ignores Supreme Court and Fifth Circuit precedent holding that it is not enough for a business to "affect or indirectly relate to interstate commerce" to fall within enterprise coverage of the FLSA    The conduct at issue must actually make up interstate commerce.  *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943); *see also Sobrinio*, 474 F.3d at 829.  The fact that a business cleans vehicles or uses cleaning supplies manufactured elsewhere is not enough to establish that the business is engaged in interstate commerce.

In addition, Plaintiff's argument triggers the "ultimate-consumer" exception to enterprise coverage, at least with respect to Plaintiff's argument about the cleaning supplies and uniforms. This exception curtails the scope of enterprise coverage by excluding businesses that are the ultimate consumer of the "goods" at issue.  29 U.S.C. § 203(j) (emphasis added).

In *Tran v. Thai*, 2010 U.S. Dist. LEXIS 133130 (S.D. Tex. Dec. 16, 2010), for example, the court applied the ultimate-consumer exception to dismiss FLSA claims brought by a plaintiff that provided services at a nail salon using goods shipped from outside of Texas.  The court

noted that there was some evidence that the plaintiff and other employees used goods to provide services at the salon ("nail files, nail polish, lotions, a drill machine, heel scrapers") that were shipped interstate, but explained, "[w]ith respect to goods the plaintiff used in the nail salon to provide services to clients . . . the salon, and the plaintiff, were the ultimate consumers. The fact the goods previously moved in interstate commerce does not mean that the plaintiff engaged in interstate commerce when he used those goods to provide services." *Id.* at *10.

The court in *Jiminez* likewise applied the ultimate-consumer exception when the plaintiff car-washer alleged FLSA jurisdiction based on use of interstate cleaning supplies and equipment. 2008 U.S. Dist. LEXIS 70147, at *23 ("Ultimate consumers of products are not 'engaged in commerce' just because they purchase products that have moved in interstate commerce.").

The lone case Fifth Circuit cited by Plaintiff to establish enterprise coverage, *Brennan v. Greene's Propane Gas Service, Inc.*, 479 F.2d 1027, 1031 (5th Cir. 1973) (MSJ Response, p. 7), is distinguishable. There, the court addressed whether enterprise coverage applied to several propane gas retailers that sold gas to in-state customers after it had been shipped from suppliers across state lines. *Id.* at 1029. The court ultimately found enterprise coverage (and, therefore, rejected application of the ultimate consumer exception), because the goods at issue (gas) was being re-sold by the defendants. *Id.* at 1031. Stated differently, the goods at issue there, unlike here, were being placed back into the stream of commerce for *re-sale* – and the defendants were therefore not the ultimate consumers of the goods. Here, the goods at issue were used to provide purely intrastate *services*, as in *Tran* and *Jiminez*, and were not being re-sold.

In short, Detail Solutions did not act as a "producer, manufacturer, or processor" of any goods, and it was the "ultimate consumer" of any goods that might have hypothetically crossed state lines.

## V.
## PLAINTIFF'S RETALIATION CLAIM FAILS

Lastly, Defendant moved for summary judgment regarding Plaintiff's retaliation claim under the FLSA. In addition to the jurisdictional issues regarding his claim, Plaintiff's status as an undocumented worker precludes recovery of any back wages. MSJ Brief, pp. 8-10.

In response, Plaintiff argues his retaliation claim survives even if there is no FLSA jurisdiction (MSJ Response, p. 2). Plaintiff also contends that Plaintiff's status as an undocumented worker does not bar recovery of back wages.

As to his first point, Plaintiff is mistaken. If the FLSA is inapplicable, it is inapplicable for all purposes. For example, in *Lamont v. Frank Soup Bowl, Inc.*, 2001 U.S. Dist. LEXIS 6289 (S.D.N.Y. May 15, 2001), the Southern District of New York addressed a similar argument and ultimately held that an employee's retaliation claim must be dismissed when there was no independent basis for federal jurisdiction under the Act. The court rejected the very argument advanced by Plaintiff, explaining:

> The primary problem with this reasoning is that it divorces the anti-retaliation provision from any basis for the exercise of regulatory power under the Commerce Clause and would therefore extend the reach of the statute to purely intrastate employment which has no affect on interstate commerce.

*Id.* at *14. In so holding, the court distinguished the very Fifth Circuit case cited for support by Plaintiff, *Wirtz v. Ross Packaging Co.*, 367 F.2d 549 (5th Cir. 1966), noting that that case was brought by the Secretary of Labor and there was no dispute that subject matter jurisdiction existed. This case is distinguishable for the same reasons.

Plaintiff's claim also fails under principles of fundamental fairness. Plaintiff does not contest that he is an undocumented worker and that he provided the company with false social security information. Having admitted that he defrauded the company to secure employment,

Plaintiff should not now be permitted to seek *additional* compensation and damages. Indeed, the after-acquired evidence doctrine provides that employees cannot bring claims for wrongful discharge when "there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it." *Ameristar Airways, Inc. v. Admin. Review Bd.*, 650 F.3d 562, 570 (5th Cir. 2011). The same principle should apply here. Had Detail Solutions known that Mendoza provided a false social security number, it would have been obligated to terminate his employment. *See Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 148 (2002) (an "employer is compelled to discharge the worker upon discovery of the worker's undocumented status").

Finally, Plaintiff has not offered any authority to justify departing from the Supreme Court's holding in *Hoffman* that undocumented aliens cannot be awarded back pay damages as a matter of law. MSJ Response, pp. 8-10. As set forth in Detail Solutions' Motion, numerous federal courts – including those in the Fifth Circuit – have applied *Hoffman* to hold that undocumented workers may <u>not</u> recover back pay damages. *See, e.g., Colindres v. Quietflex Mfg.*, 2004 U.S. Dist. LEXIS 27982 (S.D. Tex. Apr. 19, 2004) (plaintiffs asserting FLSA claims were ordered to produce information relevant to immigration status because *Hoffman* denies "back or front pay to undocumented aliens for work not performed"); *Escobar v. Spartan Sec. Serv.*, 281 F. Supp. 2d 895, 897 (S.D. Tex. 2003) (regarding back wages under Title VII, the court found "such a remedy [to be] foreclosed by the fact that he was an undocumented worker at the time he was employed").

Plaintiff only cites out-of-jurisdiction and distinguishable cases in support of his position that undocumented workers should be entitled to back pay under the FLSA. For example, in *Bollinger Shipyards Inc. v. Dir., OCWP*, 604 F.3d 864, 879 (5th Cir. 2010), cited on page 9 of

his Response, the issue concerned whether the plaintiff was eligible to receive *workers compensation benefits under the Longshore and Harbor Workers' Compensation Act*.

## VI.
## CONCLUSION

For these and the reasons set forth in its Motion For Summary Judgment, Plaintiff's claims should be dismissed and Defendant should be awarded such additional relief as the Court deems just.

Respectfully submitted,

 /s/ Joseph R. Callister
Andrew M. Gould
State Bar No. 00792541
Joseph R. Callister
State Bar No. 24059054

WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255

**ATTORNEYS FOR DEFENDANT DETAIL SOLUTIONS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this 30th day of July, 2012, via first class mail as follows:

Robert Manteuffel
J.H. Zidell, P.C.
6310 LBJ Freeway #112
Dallas, TX 75240

Jamie Harrison Zidell
K. David Kelly
J.H. Zidell, P.C.
300 71st Street, #605
Miami Beach Florida 33141
**Attorneys for Plaintiff**

Jennifer Snow
Jennifer Lewis
Farrow Gillespie & Heath, LLP
1700 Pacific Ave., Suite 3700
Dallas, TX 75201
**Attorneys for the Estate of Charles Austein**

                                                                                           _/s/ Joseph R. Callister_____
                                                                                                 Joseph R. Callister

1207306