UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESAU TORRES MENDOZA and all others similarly situated under 29 U.S.C. 216(B),<br><br>Plaintiff,<br><br>v.<br><br>DETAIL SOLUTIONS LLC f/k/a UPTOWN DETAIL AND SPA and CAROLE AUSTEIN, Independent Executrix of the Estate of Charles Austein,<br><br>Defendants. | Civil Action No. 3:10-cv-02436-G<br><br>ECF |

**DEFENDANT DETAIL SOLUTIONS' OBJECTION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND BRIEF IN SUPPORT OF RESPONSE TO SAME**

Defendant Detail Solutions, LLC f/k/a Uptown Detail and Spa ("Detail Solutions" or "Defendant") objects to Plaintiff's Motion for Partial Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff's Motion is a restatement of his earlier response to Defendant's previously-filed and fully-briefed Motion for Summary Judgment ("Defendant's MSJ") and to Defendant's Reply brief in support of its MSJ.[1]

**I.
OBJECTION**

Detail Solutions moved for summary judgment (Doc. #74-75) on the grounds that (1) this Court lacks subject matter jurisdiction under the FLSA because neither Plaintiff nor Detail Solutions engaged in interstate commerce, and (2) Plaintiff is an undocumented worker who misled his former employer about his work eligibility, thereby defeating his claim for damages.

---

[1] Defendant files a combined pleading (objection to the Plaintiff's Motion, and a response to same) in accordance with Local Rule 5.1(c).

**DEFENDANT DETAIL SOLUTIONS' OBJECTION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF RESPONSE TO SAME – Page 1**

Defendant's MSJ, pp. 3-9. The parties fully briefed these issues (Plaintiff filed both an initial Response (Doc. #79-80) and Objections and a Motion to Strike (Doc. #86)), and the MSJ is pending.

Without any new evidence (he simply re-files the evidence he previously filed) or argument (he simply copies entire sections from his MSJ Response), Plaintiff now brings his own dispositive motion arguing the same things that he argued in response to Defendants' MSJ – that FLSA jurisdiction is proper and that he is entitled to back pay wages under his retaliation claim.[2] Plaintiff asks for no affirmative relief on his claims, but instead only asks this Court, in essence, *to deny Defendant's Motion*. This is not a proper basis for summary judgment. Accordingly, Defendant objects to Plaintiff's attempt to further brief the FLSA jurisdiction and back damages issues and asks this Court to deny Plaintiff's Motion.

## II.
## RESPONSE TO PLAINTIFF'S MIRROR-IMAGE MSJ

Plaintiff's Motion addresses the identical issues that the parties previously briefed and, accordingly, Detail Solutions incorporates by reference its Brief (Doc. #75), Appendix (Doc. #76) and Reply (Doc. #85) filed in Support of Defendant's MSJ as if fully set forth herein. Defendant's prior briefing includes arguments, authority and evidence that are fully responsive to Plaintiff's Motion. As more fully set forth in this prior briefing, Plaintiff's Motion should be denied because, among other things:

(1) As stated more completely in Defendant's MSJ, Plaintiff cannot establish individual coverage under the FLSA because, as a local car washer and detailer, Plaintiff was involved in purely intrastate activity and had no impact on interstate commerce. *See* Defendant's MSJ Brief at pp. 4-6; Defendant's MSJ Reply at pp. 3-4.

---

[2] Plaintiff's Partial MSJ *copies verbatim* its Response to Defendant's MSJ. *Compare* Plaintiff's Response to Defendant's MSJ, pp. 6-7, par. 19 (addressing individual coverage), pp. 7-8, par. 20-21 (addressing enterprise coverage), and pp. 8-10, par. 22-24 (addressing back damages) *with* Plaintiff's Partial MSJ, p. 5, par. q (individual coverage), pp. 5-6, par. r-s (enterprise coverage), and pp. 8-10, par. z-aa (back damages).

(2) As set forth in Defendant's MSJ, Plaintiff cannot establish enterprise coverage under the FLSA because Detail Solutions is a local car washing company that does no business outside of Texas (and the *ultimate-consumer exception* applies with respect to any supplies shipped interstate). *See* Defendant's MSJ Brief at pp. 6-7; Defendant's MSJ Reply at pp. 4-6.

(3) As set forth in Defendant's MSJ, Plaintiff should be barred as matter of law from seeking back wages under his retaliation claim or seeking additional compensation for the work he performed because of his status as both an undocumented worker, and the manner in which he deceived Detail Solutions to secure employment. *See* Defendant's MSJ Brief at pp. 7-9; Defendant's MSJ Reply at pp. 1-2; *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) (holding that undocumented workers are not entitled to back pay damages).

(4) Plaintiff relies on objectionable evidence in support of his arguments, including conclusory statements from his own affidavit and unauthenticated internet print outs. *See* Defendant's MSJ Reply at pp. 2-3.

## III.
## CONCLUSION

For these reasons and the reasons stated in Defendant's MSJ, Plaintiff's Motion for Partial Summary Judgment should be denied and Defendant should be awarded such additional relief as the Court deems just.

Respectfully submitted,

*/s/ Joseph R. Callister*
Andrew M. Gould
State Bar No. 00792541
Joseph R. Callister
State Bar No. 24059054
WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255

**ATTORNEYS FOR DEFENDANT DETAIL SOLUTIONS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this 21st day of September, 2012, via first class mail as follows:

Robert Manteuffel
J.H. Zidell, P.C.
6310 LBJ Freeway #112
Dallas, TX 75240

Jamie Harrison Zidell
K. David Kelly
J.H. Zidell, P.C.
300 71st Street, #605
Miami Beach Florida 33141
**Attorneys for Plaintiff**

Jennifer Snow
Jennifer Lewis
Farrow Gillespie & Heath, LLP
1700 Pacific Ave., Suite 3700
Dallas, TX 75201
**Attorneys for the Estate of Charles Austein**

*/s/ Joseph R. Callister*
Joseph R. Callister