UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESAU TORRES MENDOZA and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiff, <br><br> VS. <br><br> DETAIL SOLUTIONS, LLC f/k/a/ UPTOWN DETAIL AND SPA, ET AL., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 3:10-CV-2436-G |

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for reconsideration of summary judgment and memorandum in support (docket entry 108). For the reasons stated below, the motion is denied. The court set forth the background of this case in a recent opinion and order. *See* Memorandum Opinion and Order of November 27, 2012 ("Order") (docket entry 105).

I. ANALYSIS

A. Legal Standard

The plaintiff has filed a motion for reconsideration of the court's order granting the defendant's motion for summary judgment. The Federal Rules "do not

recognize a 'motion for reconsideration'" in those words. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Instead, courts in the Fifth Circuit will treat a so-called motion for reconsideration either as a motion to alter or amend a judgment under Rule 59(e), or as a motion for relief from judgment under Rule 60(b). *Id*.

When deciding whether such a motion falls under Rule 59(e) or Rule 60(b), the court will look to when the motion was served. *Lavespere*, 910 F.2d at 173. "If the motion is served within [28][1] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id*. In this case, because the plaintiff's motion for reconsideration was filed within 28 days of the order granting the defendant's motion for summary judgment, it will be considered a motion to alter or amend a judgment under Rule 59(e).

In order to succeed, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

---

[1] In 2009, the time period listed in Rule 59(e) was extended from 10 days to 28 days. *See* Advisory Committee Notes, 2009 Amendments, FED. R. CIV. P. 59(e).

The plaintiff argues there are manifest errors of law and fact in the court's summary judgment opinion.

### B. Application

In an attempt to demonstrate the FLSA's enterprise coverage of the defendant's business, the plaintiff argues that the Internet pages he has submitted, combined with his personal knowledge of the cars he washed and the "self-authenticating" nature of the trade inscriptions (Audi, Nissan, Volvo) on those cars, establish that the cars he washed moved in interstate commerce. *See* Plaintiff's Motion for Reconsideration of Summary Judgment and Brief in Support ("Motion") at 3 ¶¶ 9-11. The plaintiff clearly has knowledge of the makes of cars he washed, but the court remains unconvinced that the plaintiff's summary judgment response pointed to any admissible evidence establishing that these cars moved in interstate commerce. The defendant's objection to the plaintiff's evidence, which it asserted in its summary judgment reply, was that the Internet pages the plaintiff attached were unauthenticated and were taken from a third-party website not demonstrated to contain accurate information about the cars in question. *See* Defendant Detail Solutions' Reply Brief in Support of Motion for Summary Judgment at 2 (docket entry 85). The court agreed. It still agrees. This evidence was (and remains) unauthenticated, for purposes of Federal Rule of Evidence 901. The Internet pages were not (and are still not) demonstrated to contain accurate information about the

cars in question in this case.[2]  The evidence is therefore not admissible to establish that the cars Mendoza washed moved in interstate commerce.

The plaintiff also disputes the court's reading of Esau Mendoza's affidavit, implying (though not directly stating) that the court glossed over Mendoza's assertion that other employees washed new cars made by Audi, Nissan, Volvo, and other manufacturers.  *See, e.g.*, Motion at 4 ¶ 12.  In the memorandum opinion supporting its grant of summary judgment to the defendant, the court stated that the plaintiff "submitted no evidence about the makes of car that other employees at Detail Solutions washed."  *See* Order at 15.  Mendoza stated in his affidavit that "[d]uring my employment with Detail Solutions, I and at least two other employees of Detail Solutions detailed and prepared new vehicles for sale.  The new vehicles included those manufactured by Audi, Nissan, Volvo, Toyota, GMC, and Suzuki."  If such a formulaic recitation is evidence of the makes of car employees other than Mendoza washed, it is a mere scintilla of evidence and is, therefore, insufficient to defeat summary judgment.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[2]  The plaintiff points to a Southern District of Florida decision in which the court took judicial notice of the fact that the cars in the case moved in interstate commerce, partially on the basis of an Internet page printed from Toyota's website. *See* Motion at 3 ¶ 10; see also *Saucedo v. Phoenix Auto Sales, Inc.*, 2009 U.S. Dist. LEXIS 86087, at *10 n.5 (S.D. Fla. Jan. 5, 2009).  First, the decision of another district court, particularly one outside this district, is not binding on this court.  Second, the plaintiff here has not requested that the court take judicial notice of the fact that the cars in question in this case moved in interstate commerce.  Third, the Internet pages in question here are from a third-party website not shown to be affiliated with any of the car manufacturers in question.

Mendoza's affidavit does not show that he has any personal knowledge about the makes of car other employees washed. For example, he never asserts in his affidavit that he worked at the same time as other employees, or that he worked on the same cars as other employees. He never gives any other specific details about such employees that would enable the court to conclude that a genuine issue of material fact exists that Detail Solutions had multiple employees working on the makes of car that Mendoza asserts by affidavit that he himself washed.³

## II. CONCLUSION

For these reasons, the plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

December 10, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

³ The plaintiff also rehashes his summary judgment response argument about the uniforms he and other employees wore. *See* Motion at 4 ¶¶ 13-15. The court directs the plaintiff to that portion of its summary judgment opinion rejecting this argument on the grounds that the uniforms are not "materials" for purposes of the statute. *See* Order at 14-15.